**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **United States of America** | ) | |
| Plaintiff(s), | ) | |
| | ) | Case No: 1:23-cr-00583-1 |
| v. | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| **Michael Scott** | ) | |
| Defendant(s), | ) | |

### ORDER

Initial appearance and removal proceedings held in open court on 11/1/23. Defendant Michael Scott appears in response to an arrest on 10/31/23 pursuant to an indictment and arrest warrant issued in the Southern District of Indiana. Based on review of the tendered financial affidavit, the Court appoints Jasmine Johnson of the Federal Defender Program as defendant's attorney for purposes of the removal proceedings in the Northern District of Illinois only. Defendant advised of charges and informed of his rights and of prosecutorial obligations per Rule 5(d) and (f), including the provisions of Rule 20. The government makes an oral motion for detention. The government states that the detention hearing must be held per 18 U.S.C. § 3142(f)(1)(E). Defendant did not object to the government's Section 3142(f)(1)(E) proffer, and the Court finds that a detention hearing is required to be held on the government's motion. Detention hearing held. Defendant waived his right to contest detention in this district. Defendant Scott's waiver is without prejudice to his right to oppose the government's detention motion and to argue for release on bond at a detention hearing at a later date. With defendant having waived without prejudice his right to object to or contest detention, the Court held the detention hearing, see United States v. Donley, No. 23 CR 511, 2023 WL 6623549, at *7 (N.D. Ill. Oct. 11, 2023), and finds that for the reasons stated on the record and in the accompanying Detention Order, the government, without defense objection, established by a preponderance of the evidence that no release conditions or set of conditions will reasonably assure defendant's appearance in court as required. No findings were made as to community safety. The government's oral motion for pretrial detention is granted. Enter Detention Order. Defendant waives the identity hearing. The Court enters a finding of identity. Terminated defendant Michael Scott. Accordingly, without prejudice to any position defendant might take at a detention hearing in the Southern District of Indiana, defendant is remanded to the custody of the U.S. Marshal's Service under further order of court so that he may be transported in custody to that district for such hearing. Further, the Court found that under Fed. R. Crim. P. 5(c)(3)(D), grounds exist for transfer and commitment of this matter to the Southern District of Indiana for reasons stated on the record, including defendant's waiver of his right to an identity hearing.

(00:25 IA/Rule 5)
(00:05 DH)

Date: 11/1/2023

/s/ _[signature]_
Gabriel A. Fuentes
United States Magistrate Judge