# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

---

UNITED STATES OF AMERICA

v.   No. 23 CR 583

MICHAEL SCOTT

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., a detention hearing was held in this case pursuant to 18 U.S.C. § 3142(f) to determine whether there are conditions of release that will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community. This order is a summary of the Court's findings of fact and conclusions of law stated more fully on the record during that hearing. **In the event that the defendant seeks review of this order of detention, the defendant must provide a transcript of the Court's oral ruling to the reviewing court along with this order.**

### PART I -- FINDINGS OF FACT AND CONCLUSIONS OF LAW

☐ **A. Rebuttable Presumption Under 18 U.S.C. § 3142(e)** (Previous violator): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. This presumption exists because the following conditions are met:

(1) the defendant is charged in a case that involves:

   (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

   (b) an offense for which the maximum sentence is life imprisonment or death;

   (c) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46; or

   (d) any felony if the person has been convicted of two or more offenses described in paragraphs (1)(a)-(c) above, or two or more state or local offenses that would have been offenses described in paragraphs (1)(a)-(c) if federal jurisdiction had existed, or a combination thereof; and

(2) the defendant has been convicted of a Federal offense that is described in subparagraph c paragraph (1)(a) above, or of a State or local offense that would have been such an offense if a circumstances giving rise to Federal jurisdiction had existed; or

(3) the offense described in subparagraph (1)(a) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

(4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in subparagraph (1)(a) above, whichever is later.

☐ **B. Rebuttable Presumption Under 18 U.S.C. § 3142(e)** (Narcotics, firearm, other offenses): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46;

☐ (2) an offense under 18 U.S.C. § 924(c), 956(a), or 2332(b);

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5) for which a maximum term of imprisonment of 10 years or more is prescribed; or

☐ (4) an offense involving a minor victim under 18 U.S.C. 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of Title 18.

☐ The defendant has not rebutted the presumption.

☐ The defendant has rebutted the presumption.

☑ **C. Section 3142(g) Analysis:** The Court considered the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence of the offense charged; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Based upon the information presented and the factors considered, the Court has determined that the defendant must be detained pending trial because:

☐ The government has proved by clear and convincing evidence that the defendant is a danger to the community and that no condition or combination of conditions of release would reasonably assure the safety of the community.

☑ The government has proved by a preponderance of the evidence that there is a serious risk that the defendant would flee if released pending trial and that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required.

The Court provided its analysis of the Section 3142(g) factors and detailed findings in open court at the conclusion of the detention hearing. The reasons for detention include, without limitation, the following:

☐ Lack of stable employment

☑ Prior criminal history

☐ Lack of significant community or family ties in the Northern District of Illinois

☐ Existence of significant family or other ties outside the United States

☐ History of alcohol or substance abuse

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☑ Facing lengthy period of incarceration if convicted

☐ Facing deportation after serving any period of incarceration

☐ Past use of alias names

- [✓] Weight of evidence against the defendant is strong
- [ ] History of violence or use of weapons
- [ ] Engaged in criminal activity while on probation, parole, or supervision

OTHER REASONS OR FURTHER EXPLANATION:

Without defense objection (as such right to object was waived without prejudice), the government met its burden of establishing, by a preponderance of evidence, that no set of release conditions will reasonably assure appearance in court as required. Under Section 3142(g), the Court considered the nature and circumstances of the instant charged offense of interstate travel while failing to register as required under the SORNA statute per 18 U.S.C. Section 2250, as well as the weight of the evidence as supported by the Southern District of Indiana grand jury indictment and finding of probable cause. Defendant waived without prejudice his right to object to the government's detention motion and his right to contest detention. The Court held the detention hearing as required under the Bail Reform Act in order for detention to occur. See United States v. Donley, No. 23 CR 511, 2022 WL 6223549, at *7 (N.D. Ill. Oct. 11, 2023). No findings were made as to community safety. Defendant is ordered remanded to USMS custody for purposes of removal to the Southern District of Indiana pending further order of court.

## PART II -- DIRECTIONS REGARDING DETENTION

The defendant is remanded to the custody of the United States Marshal or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**PART III -- APPEALS AND THIRD PARTY RELEASE**

    IT IS ORDERED that should the defendant appeal this detention order, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.

    IT IS FURTHER ORDERED that if the defendant seeks to be released to a third party, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATE: November 1, 2023

GABRIEL A. FUENTES
United States Magistrate Judge